**Joseph A. MUNGAI, Plaintiff–Appellant,**

v.

**ILLINOIS DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

**No. 01–2096.**

United States Court of Appeals, Seventh Circuit.

Argued May 21, 2002.

Decided July 29, 2002.

Before BAUER, COFFEY, and RIPPLE, Circuit Judges.

## ORDER

Plaintiff Joseph Mungai ("Mungai"), an employee of the Illinois Department of Human Services, is a Registered Nurse at the John J. Madden Mental Health Center ("Madden"). Mungai has brought this Title VII suit against the Department pursuant to 42 U.S.C. § 2000e, alleging that disciplinary actions taken against him were motivated by discrimination on the basis of gender and that his employment was terminated in retaliation for his complaints of discrimination. The district court granted summary judgment to the Department of Human Services, holding that Mungai had neither established a prima facie case of discrimination or retaliation nor rebutted

the Department's asserted non-discriminatory reasons for its actions. We affirm.

## BACKGROUND

Madden is a mental health facility operated in Hines, Illinois, by the State of Illinois Department of Human Services ("Department") that provides care to approximately 160 patients and employs approximately 400 staff members. Mungai began his employment with Madden in 1994, and his work history is replete with instances of disciplinary problems. Mungai was first disciplined in April 1996, when he received an oral reprimand for failure to complete an assignment and poor use of time. Approximately a week later, Mungai was directed by a Nursing Supervisor to send another staff member to CPR training. Because compliance with this directive would have left his nurse's station short-handed, Mungai "refused" to comply with the order until such time as a replacement worker arrived. He received a five day suspension without pay for his insubordination.

In May 1997, four female co-workers complained about separate incidents in which Mungai verbally abused them. According to the written complaints, Mungai had shouted angrily at these co-workers and instructed two of the women to "shut up" in response to questions concerning work-related duties. Another co-worker alleged that when she asked Mungai why he was not cooperating with the other nurses at his station, Mungai shook his finger in her face and replied angrily that "I have a lawyer who advised me not to talk to anybody." When Mungai was approached by his supervisor and instructed to discuss the incidents, he refused to do so. As a result, Mungai received a 10 day suspension without pay for insubordination and abusive conduct toward co-workers. The suspension was later reduced to a

written reprimand as a result of a grievance filed by Mungai through the union grievance procedure, and he received full back pay for the 10 day period.

In the very same month, May 1997, a patient complained that when she asked Mungai if it was time for her to receive her medication, Mungai had said to her "you should know, you're the drug addict." Mungai denied having made the statement, but an investigation by the Department's Office of Inspector General revealed that two mental health technicians and another nurse had overheard Mungai call the patient a "drug addict." Mungai received a 15 day suspension without pay, which he appealed unsuccessfully.

In June 1997, less than a month following the previous incident, a patient complained to Mungai's supervisor that Mungai had said "don't f**k with me" or "don't screw with me" when the patient asked Mungai what medication he had just given her. The Office of Inspector General investigated the complaint and issued a written report concluding that Mungai had verbally abused the patient. Mungai received a 30–day suspension, but on appeal the Illinois Civil Service Commission found that the written charges supporting the suspension had not been proven, and Mungai received full back pay for the service of his suspension.

Finally, on April 17, 1998, a doctor at Madden observed that Mungai had left a patient alone in a room while the patient was restrained, at a time when it was not safe for Mungai to have done so. Mungai was approached by his supervisor and asked to discuss the doctor's allegation, but Mungai refused to speak to her without the presence of a union representative. When Mungai was informed that a union representative was available to be present for the discussion, he still refused to speak, claiming that he required the presence of a specific union representative who was not currently available. Mungai's supervisor then gave him a direct order to speak to him concerning the allegation and informed him that refusing to do so would be insubordination. Mungai persisted in his refusal to speak, and he was discharged for insubordination. On appeal, the Civil Service Commission found that although the charges were proven, they were not severe enough to warrant termination, and Mungai's discipline was reduced to a 60–day suspension.

In April 1998, Mungai filed charges of gender discrimination with the Illinois Human Rights Department and the Equal Employment Opportunities Commission. Mungai alleged that female nurses had not been disciplined for conduct similar to that for which he had been suspended and terminated. Mungai received a right to sue letter from the EEOC on May 12, 1998, and shortly thereafter commenced the present suit in district court. The district court granted summary judgment to the defendant, holding, as relevant to the appeal, that Mungai had failed to present sufficient evidence to constitute a prima facie case of gender discrimination.

## DISCUSSION

Mungai appeals the trial court's ruling that he failed to present a *prima facie* case of gender discrimination and retaliation. The district court's summary judgment determinations are reviewed *de novo*. *Greer v. Board of Education*, 267 F.3d 723, 726 (7th Cir.2001). To avert summary judgment in an employment discrimination case, a plaintiff must present either evidence of discriminatory motivation or establish a *prima facie* case of discrimination under the *McDonnell Douglas* formula. *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 940 (7th Cir.1997); *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Mungai proceeds under the *McDonnell Douglas* burden-shifting test, which requires him to demonstrate *each* of the following four elements: (1) he was a member of a protected class; (2) he was meeting his employer's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated female employees more favorably. *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 919 (7th Cir. 2001). The district court held that Mungai failed to produce facts satisfying the second prong, that is, that he was meeting his employer's legitimate performance expectations. A plaintiff's failure to come forward with evidence of satisfactory job performance renders summary judgment for a defendant appropriate. *Oest v. Illinois Department of Corrections,* 240 F.3d 605, 612 (7th Cir.2001).

Mungai's brief filed in this court does not specify what evidence he is relying upon in an attempt to prove that he was meeting his employer's legitimate performance expectations. In the district court, however, the basis for Mungai's argument was that he had, on one occasion in April 1997, been selected as one of two nurses in his area of the hospital named as the "employee of the month" by an organization named the Patient Advisory Council. This evidence, Mungai contends, is sufficient to create an issue of material fact as to whether he was meeting his employer's performance expectations.

The record does not disclose, and Mungai has failed to enlighten us, as to the nature of the "Patient Advisory Council," who is a member of the organization, who selects the "employee of the month," and on what basis the recipients of the award are chosen. Apparently the Department is at a loss to explain the nature of the Patient Advisory Council as well, as it refers to the group as one whose "members are unknown." In any event, even if we were to assume that the Patient Advisory Council had some connection to Mungai's supervisors at his place of employment (which Mungai does not even allege), Mungai's "evidence" of satisfactory job performance is still deficient and does not create a triable issue of fact. An employee's reliance on positive job evaluations alone is insufficient proof to make out a prima facie case of gender discrimination when the employer presents "extensive documentation of ... poor performance." *Adusumilli v. City of Chicago,* 164 F.3d 353, 363 (7th Cir.1998). "Such evaluations have little significance in a case where there is so dramatic a discrepancy between evaluation and performance." *Id.;* "The fact that an individual may have been qualified in the past does not mean that he is qualified at a later time." *Karazanos v. Navistar International Transp. Corp.,* 948 F.2d 332, 336 (7th Cir.1991); *See also Clay v. City of Chicago Department of Health,* 143 F.3d 1092, 1094 (7th Cir.1998)("The fact that at one point [the employee] had received a 'good' rating does not help her because uncontradicted evidence is replete that her performance was extremely flawed.")

In the present case the Department presented "extensive documentation" of his poor performance, including at least five instances of insubordination and verbal abuse of patients and co-workers that span the entire length of his tenure at Madden. These instances indicate quite clearly that Mungai was not meeting his employers legitimate performance expectations, and Mungai's reference to an "employee of the month award" given by an unknown entity using unknown criteria is insufficient evidence to create a triable issue. Evidence that is "merely colorable," or a "mere scintilla" on a necessary element of a plaintiff's claim is insufficient to save his case from

dismissal on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mungai's failure to establish that he was performing his job satisfactorily also dooms his claim for retaliatory discharge, because satisfactory job performance is also a necessary element of a prima facie case of retaliation. *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir.2002); Given Mungai's clear failure to establish a *prima facie* case of gender discrimination and retaliation, it is unnecessary for us to review the other alternative basis for the district court's disposal of Mungai's case that he challenges on appeal.

The decision and judgment of the district court are AFFIRMED.