**Ishmael NWANGWA, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellee.**

No. 02–1142.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 2003.

Decided Feb. 3, 2003.

Rehearing and Rehearing En Banc Denied March 3, 2003.

Before ROVNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Ishmael Nwangwa sued Federal Express Corporation ("FedEx"), alleging that it violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.*, when it terminated him based on his race, gender, and age, and in retaliation for his complaints of discrimination. The district court granted summary judgment in favor of FedEx, and we affirm.

Nwangwa, a Nigerian male over the age of 40, began working for FedEx as a handler (someone who loads packages onto trailers) in 1993. In January 1997 he became an operations manager in FedEx's Northbrook facility, a position that required him to manage hourly employees. James Fruhauf became the facility's senior manager (and Nwangwa's direct supervisor) in November 1997, and Paul Meilinger, a managing director, supervised Fruhauf.

FedEx has a written policy outlining various disciplinary options available to managers. Managers can issue, for instance, a "performance reminder" or disciplinary notice to an employee who has major performance problems. When an employee receives three performance reminders in a twelve-month period, FedEx policy requires that the employee be terminated. Disciplined employees may appeal their performance reminders.

In less than one year, Nwanga received three performance reminders. Fruhauf issued Nwangwa his first performance reminder on January 14, 1999, for failing to

timely record two employees' injuries in FedEx's database. On April 15, 1999, Fruhauf issued Nwangwa his second performance reminder for not timely filling open routes (routes without a full-time driver) and acting as a driver in order to cover the routes. Nwangwa received his third performance reminder on September 20, 1999, for four missed package pick-ups from customers.

FedEx immediately terminated Nwangwa because the September Reminder marked his third such reminder in a year. Nwangwa appealed his termination using FedEx's grievance process. In his grievance, Nwangwa claimed that Fruhauf issued the performance reminders because of a discriminatory motive or in retaliation for complaints he had previously made to Fruhauf and Meilinger about Fruhauf's use of racist language. After referring the matter to its EEO department for investigation, FedEx upheld the termination decision. Nwangwa received a right-to-sue letter from the EEOC and then filed this suit in federal district court.

In his complaint, Nwangwa alleged that Fruhauf repeatedly used discriminatory language that demonstrated his racial animus. Nwangwa alleged, for instance, that Fruhauf (1) called him "little Nigerian"; (2) compared an African–American employee's speech to that of individuals on the corner of 63rd Street and Green Street in Chicago, commenting that the individuals on 63rd and Green were easier to understand than the employee; (3) asked Nwangwa during a lunch meeting whether pizza existed in Nigeria and what wild animal were used for meatballs; (4) commented that Nwangwa's prior supervisors inflated his performance reviews because of affirmative action goals; and (5) told Nwangwa to return to Nigeria if he did not like Fruhauf's management style.

Nwangwa also alleged that Fruhauf retaliated against him for complaints he had made to Fruhauf and Meilinger about Fruhauf's "inappropriate language." According to Nwangwa, Fruhauf issued the April Reminder three days after Nwangwa objected to Fruhauf calling him the "Black Manager" and an African–American employee the "Black Employee." Further, Nwangwa alleged that after he appealed the April Reminder, claiming that Fruhauf was discriminating against him, Fruhauf told him that his days at FedEx were numbered. Finally, Nwangwa claimed that Fruhauf threatened his job on another instance in August 1999, when he stated that "he wasn't done with [Nwangwa]."

The district court granted summary judgment to FedEx because Nwangwa presented no evidence to support his claims. On the race, gender, and age claims, the district court assumed that Nwangwa provided evidence to support a prima facie case, but went on to conclude that Nwangwa failed to demonstrate that FedEx's reason for terminating him was pretextual because Nwangwa admitted the facts underlying the January and September Reminders and offered no evidence to rebut the facts underlying the April Reminder. On the retaliation claim, the court concluded that Nwangwa's general complaints about discrimination did not constitute evidence that he engaged in protected conduct, and that even if he did engage in protected conduct, Nwangwa did not provide evidence that the complaints caused his termination.

On appeal Nwangwa argues that the district court erred in entering summary judgment because he "raise[d] material fact questions about each alleged performance deficiency." This court reviews a grant of summary judgment *de novo* and views the facts in the light most favorable to the non-moving party. *O'Neal v. City of New Albany*, 293 F.3d 998, 1003 (7th Cir.2002).

Nwangwa did not present direct evidence of discrimination based on race, gender, or age, so he must proceed under the indirect evidence method. Under the familiar *McDonnell–Douglas* test, he must establish that (1) he was a member of a protected class; (2) he was meeting FedEx's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated individuals not members of the protected class, were treated more favorably. *See Grayson v. O'Neill,* 308 F.3d 808, 817–18 (7th Cir.2002) (applying the test to a race claim); *Mateu–Anderegg v. Sch. Dist. of Whitefish Bay,* 304 F.3d 618, 625 (7th Cir.2002) (applying the test to a gender claim); *Gordon v. United Airlines, Inc.,* 246 F.3d 878, 885–86 (7th Cir.2001) (applying the test to race and age claims). If Nwangwa sets forth evidence demonstrating a prima facie case of discrimination, FedEx must introduce a legitimate, non-discriminatory reason for terminating him. *See Grayson,* 308 F.3d at 818; *Mateu–Anderegg,* 304 F.3d at 625–26; *Gordon,* 246 F.3d at 886. The burden then returns to Nwangwa to show that the stated reason is pretext for discrimination. *See Grayson,* 308 F.3d at 818; *Mateu–Anderegg,* 304 F.3d at 626; *Gordon,* 246 F.3d at 886.

■ The district court did not need to reach the issue of pretext because–as FedEx reiterates on appeal–Nwangwa failed to provide evidence supporting his prima facie case. *See Coco v. Elmwood Care, Inc.,* 128 F.3d 1177, 1178 (7th Cir.1997). FedEx concedes that Nwangwa belonged to a protected class and suffered an adverse employment action, but argues that Nwangwa cannot meet his burden on the remaining elements of the prima facie case. Nwangwa's brief makes no discernible argument that he has established a prima facie case. He does concede (in his deposition testimony) the facts supporting two performance reminders and thus may not have met FedEx's legitimate expectations. But Nwangwa believes that FedEx applied its legitimate expectations in a disparate manner, and in such circumstances a plaintiff can establish a prima facie case of discrimination by demonstrating that "similarly situated employees were treated more favorably." *Grayson,* 308 F.3d at 818. Nwangwa, however, cannot meet this burden. While he did allude in his deposition to three possible employees whom he thinks were treated better than he was, nothing in the record shows that these employees are similarly situated. Nwangwa merely offers his own opinion on these employees' age and disciplinary record, and the record lacks any evidence of their actual race, gender, age, or disciplinary history. Summary judgment was properly granted on these claims.

Nwangwa need not prevail on his race, gender, or age discrimination claims in pursuing his retaliation claim. *See Fine v. Ryan Int'l Airlines,* 305 F.3d 746, 752 (7th Cir.2002). On appeal Nwangwa does not make a discernible argument regarding why he should prevail on his retaliation claim; instead, he merely asserts that he received "phony write-ups following on the heels of his complaints." The district court held that Nwangwa failed to prove a causal connection between his protected conduct and the adverse employment action.

In *Stone v. City of Indianapolis Pub. Utils. Div.,* 281 F.3d 640 (7th Cir.2002), this court recently clarified the proper standard for analyzing retaliation claims at the summary judgment stage. Under the indirect evidence method, a plaintiff must show that after engaging in protected conduct "only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner." *Id.* at 644. The plaintiff is entitled to summary judgment unless the defendant offers evidence that

he did not act with a retaliatory motive. *Id.* Under this method, establishing a causal link between the protected conduct and adverse employment action is not required.

 The district court decided the retaliation claim before *Stone,* concluding that Nwangwa failed to meet his prima facie case because he had not established that he engaged in protected activity or that the protected activity caused his termination. As noted earlier, *Stone* dispenses with the causation requirement. It is clear on this record that Nwangwa cannot show that similarly situated employees were treated more favorably. He alludes to similarly situated managers, but he failed to demonstrate that these similarly situated employees were not disciplined for misconduct similar to his. Because Nwangwa cannot establish a prima facie case of retaliation, summary judgment was properly entered.

AFFIRMED.