In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3210

Alfred L. Stone,

Plaintiff-Appellant,

v.

City of Indianapolis Public Utilities
Division, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 98 C 190--David F. Hamilton, Judge.

Submitted December 18, 2001--Decided February 19, 2002


   Before Posner, Manion, and Rovner, Circuit
Judges.

   Posner, Circuit Judge.  The plaintiff in
this employment discrimination suit
appeals from the grant of summary
judgment for the defendants. As explained
in an unpublished order issued today,
none of the plaintiff's claims has any
merit, and summary judgment was therefore
properly granted. We limit this published
opinion to a question on which
clarification is needed. It is the proper
standard for summary judgment when a
plaintiff claims that he was retaliated
against for complaining about employment
discrimination. Two formulations are
found in our cases, both adaptations of
the ubiquitous McDonnell Douglas test for
summary judgment in discrimination cases.
See McDonnell Douglas Corp. v. Green, 411
U.S. 792 (1973). One is that the
plaintiff is entitled to summary judgment
if he shows that (1) after lodging a
complaint about discrimination, (2) only
he, and not any otherwise similarly
situated employee who did not complain,
was (3) subjected to an adverse
employment action even though (4) he was
performing his job in a satisfactory
manner; unless (5) the defendant presents
evidence of a reason (good or bad,
provided only that it is not one that the
law forbids) for the adverse action.

Hiatt v. Rockwell Int'l Corp., 26 F.3d 761, 767-68 (7th Cir. 1994); McEwen v. Delta Air Lines, Inc., 919 F.2d 58, 59 (7th Cir. 1990). The other formulation of the prima facie case of retaliation requires, in addition, (6) proof of a "causal link" between the protected expression in which the plaintiff engaged (as by filing a complaint about an unlawful act by his employer) and the adverse employment action of which he is complaining. E.g., Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1007 (7th Cir. 2000); Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000); Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000); Jones v. Washington Metropolitan Area Transit Authority, 205 F.3d 428, 433 (D.C. Cir. 2000).

   Cases that employ the second formula go on to say that after the plaintiff has made his prima facie case, the defendant can defeat it by producing evidence that the motive for firing or taking other adverse employment action against the plaintiff was not retaliatory, unless the plaintiff is able to come back and show that the alleged nonretaliatory motive was actually pretextual. That is McDonnell Douglas-speak, all right, but it is out of place. If the plaintiff has produced evidence that he was fired because of his protected expression, he has gone beyond McDonnell Douglas by producing actual evidence of unlawful conduct-- evidence that the firing was in fact retaliation for his complaining about discrimination. The fact that the defendant may be able to produce evidence that the plaintiff was fired for a lawful reason just creates an issue of fact: what was the true cause of the discharge? Evidence, though not conclusive, that the cause was retaliation should be enough to entitle the plaintiff to a jury trial unless the defendant can produce uncontradicted evidence that he would have fired the plaintiff anyway, in which event the defendant's retaliatory motive, even if unchallenged, was not a but-for cause of the plaintiff's harm. Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989); Miller v. Illinois Dept. of Corrections, 107 F.3d 483, 484 (7th Cir. 1997); Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 658 (7th Cir. 1991) (en banc); Brown v. East Mississippi Electric Power Ass'n, 989

F.2d 858, 862 (5th Cir. 1993).

McDonnell Douglas is designed to give the plaintiff a boost when he has no actual evidence of discrimination (or retaliation) but just some suspicious circumstances. If he can prove that his protected expression caused him to be fired, he doesn't need McDonnell Douglas and it gives him nothing. But this may depend on the precise meaning of "causal link." Again we find divergent formulations in the cases. If it means, as we have been assuming thus far and as we have held in a number of cases, Dunn v. Nordstrom, Inc., 260 F.3d 778, 784 (7th Cir. 2001); Basith v. Cook County, 241 F.3d 919, 933 (7th Cir. 2001); Cullom v. Brown, 209 F.3d 1035, 1040 (7th Cir. 2000); King v. Preferred Technical Group, 166 F.3d 887, 892 (7th Cir. 1999); Johnson v. City of Fort Wayne, 91 F.3d 922, 939 (7th Cir. 1996), and Klein v. Trustees of Indiana University, 766 F.2d 275, 280 (7th Cir. 1985), that the plaintiff must present evidence that had it not been for his protected expression he would not have been fired (or suffered whatever other adverse action of which he is complaining), then the situation is as we have described it and McDonnell Douglas has no proper role to play in a federal retaliation suit. But the Fifth and Eleventh Circuits have held that all that "causal link" signifies in this context is that the protected expression and the adverse action "were not wholly unrelated," so that something less than proof that the plaintiff wouldn't have suffered an adverse employment action had he not engaged in the protected expression--something less, that is, than proof of but-for causation--will suffice to complete the prima facie case. Fierros v. Texas Dept. of Health, 274 F.3d 187, 191 (5th Cir. 2001); Pennington v. City of Huntsville, 261 F.3d 1262, 1265-66 (11th Cir. 2001); Bass v. Board of County Commissioners, 256 F.3d 1095, 1119 (11th Cir. 2001); Long v. Eastfield College, 88 F.3d 300, 305 n. 4 (5th Cir. 1996); Simmons v. Camden County Board of Education, 757 F.2d 1187, 1189 (11th Cir. 1985) (per curiam). Some of our cases repeat this definition. See, e.g., Horwitz v. Board of Education, 260 F.3d 602, 613 (7th Cir. 2001); Sauzek v. Exxon Coal USA, Inc., supra, 202 F.3d at 918; Vanasco v. National-Louis University, 137 F.3d 962, 969 (7th Cir. 1998); Hunt-

Golliday v. Metropolitan Water Reclamation District, 104 F.3d 1004, 1014 (7th Cir. 1997). All our cases, however-- and this is true of the Fifth and Eleventh Circuit cases as well--are ones in which the plaintiff was proceeding under McDonnell Douglas, and we have explained why we think that a plaintiff so proceeding need not show even an attenuated causal link.

The concept of "not wholly unrelated" is both obscure and, as we just suggested, superfluous. It should be jettisoned. The plaintiff in a retaliation case should have two (and only two) distinct routes to obtaining/preventing summary judgment. One, the more straightforward, the one that is unrelated to McDonnell Douglas, is to present direct evidence (evidence that establishes without resort to inferences from circumstantial evidence) that he engaged in protected activity (filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains. If the evidence is uncontradicted, the plaintiff is entitled to summary judgment. If it is contradicted, the case must be tried unless the defendant presents unrebutted evidence that he would have taken the adverse employment action against the plaintiff even if he had had no retaliatory motive; in that event the defendant is entitled to summary judgment because he has shown that the plaintiff wasn't harmed by retaliation.

The question of how much evidence the plaintiff must present to establish a triable issue that the adverse employment action of which he complains was retaliatory is not susceptible of a general answer. But we remind that mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue. See Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C., 2001 WL 1381076, at *9 (7th Cir. Nov. 7, 2001); Pugh v. City of Attica, 259 F.3d 619, 630 (7th Cir. 2001); Contreras v. Suncast Corp., 237 F.3d 756, 765 (7th Cir. 2001); Sauzek v. Exxon Coal USA, Inc., supra, 202 F.3d at 918; Gleason v. Mesirow Financial, Inc., 118 F.3d 1134, 1136, 1147 (7th Cir.

1997); but cf. Lalvani v. Cook County, 269 F.3d 785, 790 (7th Cir. 2001); Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 254 F.3d 644, 653-54 (7th Cir. 2001). This is the rule in other circuits as well, see Cardenas v. Massey, 269 F.3d 251, 264 (3d Cir. 2001); Little v. BP Exploration & Oil Co., 265 F.3d 357, 363-64 (6th Cir. 2001); Bradley v. Widnall, 232 F.3d 626, 633 (8th Cir. 2000), though not uniformly. See Lovejoy-Wilson v. Noco Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001); Bass v. Board of County Commissioners, supra, 256 F.3d at 1119; Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998).

The second route to summary judgment, the adaptation of McDonnell Douglas to the retaliation context, requires the plaintiff to show that after filing the charge only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner. If the defendant presents no evidence in response, the plaintiff is entitled to summary judgment. If the defendant presents unrebutted evidence of a noninvidious reason for the adverse action, he is entitled to summary judgment. Otherwise there must be a trial.

Because this opinion creates a new rule for the adjudication of retaliation cases, it has been circulated to the full court in advance of publication under 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.