No. 01–3862.

United States Court of Appeals, Seventh Circuit.

Nov. 20, 2002.

**Peter E. BELL, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 02–2732.

United States Court of Appeals, Seventh Circuit.

* Chief Judge Flaum and Judge Williams did not participate in the consideration of this petition.

Submitted Nov. 20, 2002.*
Decided Nov. 20, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Peter E. Bell appeals the grant of summary judgment for the United States Postal Service on his claim that he was refused employment in retaliation for filing an informal discrimination complaint with the Postal Service after it rejected his previous job application. We affirm.

In February 1999 Bell, who is African American, applied for work as a letter carrier, and when regional hiring official Mark Wolski turned him down, Bell filed an informal complaint with the Postal Service accusing Wolski of racial discrimination. After in-house mediation, the parties reached a settlement providing that Bell's name would remain on the list of carrier candidates to be called in for future interviews. Bell was called in for four interviews during the next several months, and afterward Wolski evaluated him against two other individuals pursuant to the Postal Service's practice of choosing the most qualified of three candidates. Selection factors include the applicant's civil service exam test score, work experience, and criminal history. Wolski ultimately eliminated Bell, explaining later that he consid-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ered the other two candidates superior because of Bell's extensive criminal history and flippant attitude about it, his extended period of unemployment, and comments he had made about women during the mediation of his informal complaint.

Bell argues here that the district court erred in concluding that he failed to offer any evidence that Wolski denied his second application to retaliate for his filing of the informal complaint. A plaintiff can prove retaliation either using direct evidence or under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Stone v. City of Indianapolis*, 281 F.3d 640, 644 (7th Cir.2002). To prove retaliation using direct evidence, a plaintiff must show that he participated in a protected activity and as a consequence suffered an adverse job action. *Stone*, 281 F.3d at 644. Under *McDonnell Douglas* Bell must show that after filing the informal complaint he, and not any similarly situated applicant who did not file a complaint, was denied employment. *Id.*

■ Bell did not present direct evidence of retaliation. What he describes as direct evidence is a comment that Wolski wrote on Bell's interview form: "NONSELECT—POOR [work history]—DISCLOSED NON-CHALANCE [sic] ABOUT ASSUALT/BATTERY [sic] CONVICTION DURING [mediation] HEARING. 'GOTTA BEAT YOUR WIFE TO KEEP HER IN LINE.'" Bell claims that, since Wolski learned this information during the informal complaint hearing, it is direct evidence that Wolski retaliated against him for filing the complaint. We disagree. In the context of Title VII, we have held that direct evidence "essentially requires an admission by the decisionmaker that his actions were based upon the prohibited animus." *Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 616 (7th Cir.2000). Wolski's statement does not contain any admission that he denied Bell employment because he had previously filed an informal complaint. Wolski's comment addresses Bell's work history, criminal background, and apparent attitude toward women.

Bell incorrectly relies on two Eleventh Circuit cases in characterizing Wolski's comment as direct evidence. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir.1997) (direct evidence of retaliatory discharge when employer stated, "Your deposition was the most damning to [employer's defense to a Title VII] case, and you no longer have a place here at [the company]"); *Thompkins v. Morris Brown Coll.*, 752 F.2d 558, 563 (11th Cir. 1985) (direct evidence of sex discrimination when employer stated that he saw no reason for a woman to have a second job and that plaintiff's work schedule could not be changed because the men in her department had families and needs that the plaintiff did not have). These cases contain comments that clearly demonstrate the discriminatory purpose of the employer, unlike Wolski's comments that refer to non-discriminatory hiring considerations.

■ Because Bell did not have direct evidence that he was not hired because he filed an informal complaint, he was required to proceed under the *McDonnell Douglas* framework. To do so, Bell must have shown that after filing his informal complaint he, and not any similarly situated employee who did not use the complaint process, was subjected to an adverse employment action. *Stone*, 281 F.3d at 644. Bell did not identify any similarly situated applicants who were hired by the Postal Service. The only comparison of potential postal employees provided by Bell were applicants and their test score, but this was not among the reasons that the Postal Service articulated for not hiring Bell. Bell

provided no evidence of successful applicants with a similar criminal history and employment history. Therefore, the district court correctly granted summary judgment for the Postal Service.

AFFIRMED.