**Evelyn J.D. SZYMANSKI,
Plaintiff–Appellant,**

v.

**COUNTY OF COOK, Defendant–
Appellee.**

No. 02–2052.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 2003.

Decided July 7, 2003.

Before KANNE, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Evelyn Szymanski has worked as a nurse-practitioner in the Ambulatory Screening Clinic at Cook County Hospital since 1983. In 2000, Szymanski, who is white, filed two charges with the EEOC claiming that the hospital (1) engaged in reverse race discrimination when it excluded her from overtime assignments and (2) retaliated against her for filing an earlier charge. After receiving a right-to-sue letter, she filed suit in the district court. The court granted Cook County's motion for summary judgment on the reverse discrimination claim because, it held, Szymanski failed to show that one of Cook Coun-

ty's proffered reasons for not giving her overtime was pretext. The court denied Cook County's summary judgment motion on Szymanski's retaliation claim. That issue went to trial, and a jury found for Cook County. Szymanski appeals, and we affirm.

## I

To the extent that this case involves Szymanski's reverse discrimination claim, we take the facts in the light most favorable to her, see *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 573 (7th Cir.2003); to the extent it involves her retaliation claim, we take them in the light that supports the jury's verdict, see *Cruz v. Town of Cicero, Ill.*, 275 F.3d 579, 583 (7th Cir.2001). Szymanski works as a nurse-practitioner in Cook County Hospital's Ambulatory Screening Clinic ("ASC"), a walk-in clinic that is open sixteen hours per day, every day of the week, and provides urgent care to patients who do not need emergency care. Her job is to take patient histories, perform physical exams, order tests and x-rays, and work with physicians to formulate plans for patient care and treatment.

Szymanski became dissatisfied with certain conditions at the ASC, which led her to file three charges with the EEOC. Her first charge, which is not a part of this lawsuit, was brought in May 1999. On that occasion, she alleged harassment by a coworker. In January 2000, Szymanski filed a second charge claiming reverse race discrimination, on the basis of the Clinic's alleged practice of assigning overtime work to a particular Asian nurse-practitioner from a different clinic, instead of to any of the other four ASC nurse-practitioners (two of whom were Caucasian, and two African-American). Her third charge, which she filed in June 2000, claimed that Cook County had retaliated against her for filing the earlier charges.

The underlying facts suggest that during 1999 and 2000 the Clinic was constantly in need of overtime work from nurse-practitioners. Szymanski asked to receive some of these assignments, but she was given only a tiny number of hours. Instead, Dr. Than Win, who became the Clinic Director in September of 1999 (first on an acting basis, then permanently), assigned the lion's share of overtime work to Presentacion Cancino, a Filipino nurse-practitioner from the Gastro–Urology ("GU") Clinic. According to Cook County payroll records, in the year 2000, Cancino worked 1239 overtime hours in the ASC and Szymanski worked only 46 hours. In 1999, the records show that Cancino worked 984 overtime hours while Szymanski worked 110 hours. Szymanski worked 92 hours of overtime in 1998, but neither party knows how many overtime hours Cancino worked in 1998. The payroll records show that Szymanski did receive payment for overtime work, but those payments were made for time worked on holidays that fell on her regularly scheduled work-day (*e.g.*, Thanksgiving).

Cook County offered two reasons for giving Cancino almost all the available overtime. First, Cook County pointed to the deposition of the ASC director, Dr. Than Win, who explained that he gave Cancino the overtime because her salary came out of the GU clinic budget, rather than his own budget. Second, Cook County relied on Win's testimony that he believed that Cancino was the only nurse practitioner who wanted to work overtime.

In September 1999, after Szymanski had filed her initial charge but before she filed the reverse discrimination charge, Dr. Win's predecessor as director of the ASC altered Szymanski's work responsibilities and assigned her to the unattractive job of cleaning filing cabinets that contained food and rodent waste. The cabinets appear to

have been in an appallingly dirty condition: they were located in the staff break room; people threw leftover food into them; and then mice crept in through an open space in the back and soiled them.

Szymanski understandably found this work distasteful, and she requested that she be allowed to stop cleaning the filing cabinets. She claimed that exposure to the filth was leading to a variety of health problems for her, including sinusitis, fever, rash, and vertigo, for which she received treatment at a hospital. After her hospital stay, her doctor recommended that she no longer be exposed to the rodent waste in the files because it was contributing to her health problems. Dr. Win denied Szymanski's request, because he disagreed with her doctor's assessment of the health risks associated with cleaning the filing cabinet. Dr. Win also said that he did not want to alter Szymanski's responsibilities while her reverse race discrimination charge was pending with the EEOC.

Based on these undisputed facts, the district court granted summary judgment for Cook County on Szymanski's reverse discrimination claim. The court found that Szymanski had shown enough to establish a *prima facie* case of discrimination, but that she had not offered evidence that (if believed by the ultimate trier of fact) would show that Cook County's stated reason for giving Cancino the available overtime–that Cancino's services were preferred because her salary came out of the GU clinic budget rather than the ASC's– was pretext.

As noted before, the court set the retaliation claim for trial. In that trial, it limited the issue to whether Cook County retaliated against Szymanski for filing EEOC charges by segregating her from coworkers and assigning her to clean the filing cabinets. During a pretrial conference, the judge ruled that he would exclude any

evidence referring to the denial of Szymanski's requests for overtime, because that evidence was not relevant to the retaliation theory that had survived summary judgment. After a three-day trial, a jury found for Cook County.

After the verdict, Szymanski moved for a new trial under Rule 59(e) arguing that the district court improperly granted summary judgment for Cook County on her reverse discrimination claim and improperly excluded from trial any evidence about the denial of her overtime requests. The district court denied the motion without explanation.

## II

### A.  Reverse Race Discrimination Claim for Denial of Overtime

This court reviews a grant of summary judgment *de novo*, reviewing the record in the light most favorable to the nonmoving party. *Grayson v. City of Chicago*, 317 F.3d 745, 749 (7th Cir.2003). To survive summary judgment, the nonmoving party must present credible evidence on all matters upon which she bears the burden of proof at trial. *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir.2002). Like most plaintiffs, Szymanski relied on circumstantial evidence to show that a trier of fact could find that Cook County had discriminated against her. *See Sattar v. Motorola*, 138 F.3d 1164, 1168–69 (7th Cir.1998). Neither party challenges the district court's finding that Szymanski established her *prima facie* case of reverse race discrimination, and so we too will turn immediately to the question of pretext.

■ The district court ruled that Szymanski identified a genuine issue of fact as to whether Cook County's first proffered reason–that she did not want to work overtime–was false; her own testimony indicated that she had expressed her interest in

overtime work. Thus, if Szymanski can show that she presented credible evidence that the County's other proffered reason for preferring Cancino (to save money) was false, then she would be entitled to a trial on her reverse discrimination claim. Szymanski urges that she has done so. First, she notes that a jury might find that Dr. Win was dissembling about his budgetary concerns because he admitted in his deposition that he neither saw nor specifically knew of the contents of the ASC budget. This is pretext, according to Szymanski, because Dr. Win could not have based his decision on financial grounds if he was unfamiliar with that budget. Second, she notes that the manual in which the hospital set out its overtime rules requires that overtime assignments be equitably distributed among employees, and that employees should not be assigned to work in any "facility, department/division in which they are not budgeted except in emergency situations." No emergency situation existed that required such imbalanced assignments of the ASC overtime work to a nurse-practitioner from the GU Clinic. Dr. Win's deviation from the hospital's approved practices is, she urges, another reason to find his stated reason to be pretextual.

In order to show that the hospital's reasons were pretextual, Szymanski had to provide evidence from which a rational trier of fact could infer that the hospital lied about its proffered reasons for the adverse employment action. *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002). Although the district court at one point made a statement that could have been misinterpreted as placing the burden on Szymanski actually to *prove* pretext, when one reads the court's opinion as a whole it is clear that the court recognized that she needed only to point to enough evidence that, if believed by the trier of fact, would carry the day for her. In any

event, our review of the court's decision to grant summary judgment is *de novo*, and Szymanski can rest assured that we are imposing no such inappropriate burden on her.

Having said that, we agree with the district court that Szymanski's evidence, even if fully accepted by the trier of fact, is not enough to show pretext. Dr. Win's statement that he did not know the specifics of the ASC budget in no way indicates that he was not generally aware that ASC was a different clinic than the GU Clinic. In fact, Dr. Win made it clear that he knew the key fact here, which was that Cancino was *not* paid from the ASC budget. He knew this because he did not have to approve her overtime requests, as he did for the nurse-practitioners assigned to the ASC. Moreover, Szymanski has provided no evidence that Cancino was not paid out of the GU clinic budget or that Dr. Win lied when he claimed that he was attempting to save money by using a nurse-practitioner whom he was not required to pay. *See Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 845 (7th Cir.1996). The fact that the hospital manual appeared to dictate a different practice might show that Dr. Win (and perhaps his predecessors) were evading the hospital's budgetary rules, but the manual does not help us to decide whether the real reason for Cancino's assignments was discrimination in favor of Asians rather than bureaucratic shifting of dollars. It is equally consistent with both hypotheses. In short, Szymanski has not shown that the reasons Cook County proffered for allowing Cancino to work nearly all of the overtime available in the ASC were pretextual, and the district court correctly granted summary judgment on this claim.

## B. Retaliation Claim for Filing an EEOC Claim

■ Next, Szymanski challenges the district court's rejection of one of the theo-

ries on which she wanted to base her retaliation claim: the charge that the denial of overtime was a form of retaliation. In her complaint, Szymanski listed both the denial of overtime and the unpleasant file-cleaning assignment as forms of retaliation for her filing of EEOC charges; the district court identified the only genuine issue to be whether Dr. Win decided not to relieve Szymanski of her assignment (cleaning the filing cabinets) in retaliation for her previous EEOC filings.

The district court was correct to reject Szymanski's claim insofar as it was based on her failure to receive overtime, because she failed to establish a *prima facie* case of retaliation on that basis: she cannot show that the adverse employment action occurred "after lodging a complaint about discrimination." *Stone v. City of Indianapolis Pub. Utilities Div.*, 281 F.3d 640, 642 (7th Cir.2002). Szymanski filed her first EEOC charge in May 1999, but the only evidence that she has presented is in the form of payroll records. Those records show that there was a disparity in overtime assignments for the entire year of 1999, not merely for the period after the May filing date. Thus, at least some of the disparity in assignments may well have preceded the filing of her EEOC charge. Szymanski claims that she should have been able to present evidence of the proximity in time between the filing of her charge and when the inequity in overtime assignments began. As this court recently explained, however, "mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue." *Id.* at 644 (collecting cases). Thus, the district court correctly granted summary judgment as to that portion of Szymanski's retaliation claim.

■ Szymanski also challenges the district court's exclusion at trial of evidence that she says would substantiate her claim that overtime assignments were distributed unequally. During the final pretrial conference, the trial court excluded three pieces of evidence: (1) Szymanski's testimony about Dr. Win's involvement in the disparity of overtime assignments; (2) Szymanski's testimony about this disparity; and (3) her testimony that the denial of overtime assignments was proximate in time to the filing of her EEOC claim. The district court excluded the evidence because it did not relate to the cabinet-cleaning assignment.

Szymanski's argument fails because she never addresses why this evidence was relevant to her claim that this assignment was made in retaliation for filing EEOC charges. In fact, Szymanski has never articulated a link between the denial of overtime and her cleaning assignment, and there is no apparent connection. Thus, we cannot say that the district court abused its discretion in excluding the evidence. *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 759 (7th Cir.2003) (evidentiary rulings are reviewed for abuse of discretion).

### C. Denial of Plaintiff's Motion For a New Trial

Finally, Szymanski generally challenges the district court's denial of her motion for a new trial. Szymanski's motion identified the same errors she has raised in this appeal; (1) the district court improperly granted summary judgment on her reverse race discrimination claim; (2) the trial court improperly limited Szymanski's retaliation claim; and (3) the court improperly excluded evidence of the denial of overtime. She does not raise anything in conjunction with the denial of this motion

to suggest that the district court abused its discretion.

We AFFIRM the judgment of the district court.