Rodolfo D. ESPINOZA, Plaintiff–
Appellant,

v.

NORTHWESTERN UNIVERSITY,
Defendant–Appellee.

No. 03–3251.

United States Court of Appeals,
Seventh Circuit.

Submitted July 20, 2004.*

Decided July 20, 2004.

Rodolfo D. Espinoza, Chicago, IL, pro
se.

Bruce W. Melton, Babbitt & Melton,
Chicago, IL, for Defendant–Appellee.

Before BAUER, POSNER, and
RIPPLE, Circuit Judges.

### ORDER

From the time he started working as a
law library assistant for Northwestern
University, Rodolfo Espinoza was often
tardy or absent without an excuse. Ac-
cording to Northwestern, he was also slow
and made many mistakes while inputting
data into Voyager, the library's database.
But as Espinoza tells it, Northwestern
fired him because he is of Mexican de-
scent, and firebombed his home after he
complained to the Equal Employment Op-
portunity Commission. Espinoza sued,
but the district court granted summary
judgment to Northwestern. We affirm.

In his complaint Espinoza alleged that
shortly after he began working at North-

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

western's law library in June 1999, his supervisors began harassing him by calling him a "retarded spic" and other ethnic slurs in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et seq.* He also alleged that his supervisors gave him "overly critical" performance evaluations, which directed him to improve his attendance and punctuality, and to refrain from "dozing" on the job.

Espinoza contends that by October 1999 the harassment had grown so bad that he filed a charge of discrimination with the Illinois Department of Human Rights and the EEOC. A month later, Espinoza says, he was fired in retaliation. The retaliation continued, according to Espinoza, when Northwestern conspired with the IDHR and Chicago police to intimidate him by trailing him, keeping his home under surveillance, harassing his relatives, and eventually throwing a Molotov cocktail onto his front porch, nearly killing his nephew.

After Espinoza received a right-to-sue letter from the EEOC and filed suit in district court *pro se,* Northwestern moved for summary judgment. Northwestern served the motion on Espinoza as required by Rule 56.2 of the Local Rules of the United States District Court, Northern District of Illinois, along with the required warning to *pro se* litigants that absent a response to the motion the court would "assume that the defendant's factual contentions are true" and "your case will be dismissed." But despite the warning Espinoza did not respond. As a result the district court deemed admitted each of the statement of facts that Northwestern submitted in support of its motion, most of which contradicted the allegations in Espinoza's complaint.

Local Rule 56.1(a)(3) requires a party moving for summary judgment to file a statement of material facts about which the party contends there is no genuine

dispute. In turn, Local Rule 56.1(b)(3)(A) requires the nonmoving party to respond to each statement, noting any disagreement. Statements that are not controverted by the nonmoving party "will be deemed to be admitted," as long as they are supported by the record. Loc. R. 56.1(b)(3)(B); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003). District courts are entitled to demand strict compliance. *Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817 (7th Cir.2004).

Northwestern's statement of facts is supported by the record, including affidavits from Espinoza's supervisors denying that they directed ethnic slurs at him and attesting that he was fired because he was often tardy, absent, slow, and made many mistakes while working with the library's database. Espinoza has not offered any excuse for failing to respond to the motion for summary judgment. Therefore the district court did not abuse its discretion in deeming the facts admitted and granting summary judgment to Northwestern on Espinoza's harassment claim. *See id.* at 817; *Dade v. Sherwin–Williams Co.,* 128 F.3d 1135, 1139–40 (7th Cir.1997).

The district court also correctly granted summary judgment to Northwestern on Espinoza's retaliation claim. As the court noted, Espinoza by ignoring the motion for summary judgment also failed to present any evidence to support the claim. Indeed, he effectively conceded the retaliation claim by failing to respond to Northwestern's assertions that his job performance was unsatisfactory. *See Stone v. City of Indianapolis Pub. Utils. Div.,* 281 F.3d 640, 642 (7th Cir.2002).

Accordingly, we AFFIRM the judgment of the district court.