**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 19, 2005[*]
Decided May 20, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-1227

| | |
|---|---|
| SUSAN GODIN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>WHIRLPOOL CORPORATION,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:03cv0827<br><br>Allen Sharp,<br>*Judge.* |

**O R D E R**

Susan Godin appeals the district court's order granting summary judgment to her former employer, Whirlpool Corporation, on her sexual harassment and retaliation claims, *see* 42 U.S.C. § 2000e *et seq.*  We affirm.

Godin claims that her supervisor, Larry Curtis, sexually harassed her and retaliated against her while she was employed in Whirlpool's engineering department from March 2001 until May 2003.  On one occasion Curtis observed Godin viewing a sexually explicit email and asked that she forward it to him. Thereafter, Godin, unprompted, sent several other sexually explicit jokes or pictures to Curtis.  For his part, Curtis invited Godin into his office to view sexually explicit

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

material on his computer.  The first time, she did not express discomfort, but on two other occasions told him that she did not want to see the images and left his office. After the third time that Curtis called Godin into his office, she asked him to leave her alone.  However, she continued to send Curtis emails that contained explicit images or jokes.  Curtis also made comments to Godin that she found offensive, including remarks about the size of her breasts.

As a member of the "kitchen team," Godin's engineering duties primarily consisted of creating parts lists and distributing parts for such products as garbage disposals, hot water dispensers, and Matsushita vacuum cleaners.  But in April 2002 Curtis informed Godin that she would be assigned clerical work by his supervisor, whose administrative assistant was retiring.  Godin was assigned to compile financial reports, which occupied approximately one quarter of her working time, primarily in the first week of each month.  Her work for Matsushita was reassigned to another employee.  Godin's job title, level classification, and salary remained the same, but she was moved to another cubicle within the office.

During this time, Curtis continued to make inappropriate remarks to Godin, and in October 2002, she reported him to Whirlpool's human resources department. After an investigation, Whirlpool determined that Curtis had fostered an environment of sexual banter and violated the company's sexual harassment policy. The company issued a written warning, and Curtis formally apologized to his department.  Godin was assigned to a different supervisor.  Shortly thereafter Godin complained to the human resources department about her clerical responsibilities. Whirlpool responded by reassigning the financial reporting duties to a different employee, and Godin returned to her engineering duties, including her work for Matsushita, full-time.  She voluntarily left Whirlpool for other employment in May 2003.

After exhausting her administrative remedies, Godin brought an action against Whirlpool and three individual defendants, alleging federal claims of sexual harassment, age discrimination, and gender discrimination, as well as state-law claims of negligent retention and intentional infliction of emotional distress.  Godin later voluntarily dismissed the claims against the individual defendants.  The district court granted Whirlpool's motion to dismiss as to all claims except those for sexual harassment, retaliation, and negligent retention.  Whirlpool then moved for summary judgment on the remaining claims.

The district judge adopted in full the report and recommendation of the magistrate judge, who recommended granting summary judgment on both federal claims and dismissing the negligent retention claim on jurisdictional grounds.  With respect to the sexual harassment claim, the magistrate judge determined that Godin did not demonstrate that she suffered either a tangible employment action or a hostile work environment.  As for Godin's retaliation claim, the magistrate judge

determined that she could not make her case under either the direct or indirect method because, among other shortcomings, she did not suffer an adverse employment action.  We review *de novo* the district court's grant of summary judgment in favor of Whirlpool, viewing the record in the light most favorable to Godin.  *McPherson v. City of Waukegan*, 379 F.3d 430, 437 (7th Cir. 2004).

Godin first challenges the district court's finding that she did not suffer an adverse employment action for purposes of her retaliation claim.  She argues that the assignment of clerical work was an adverse employment action, and that Whirpool's stated reasons for that assignment were pretextual.

A plaintiff may prove retaliation by demonstrating that she engaged in protected activity and suffered an adverse employment action as a result.  *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002).  Or, a plaintiff may proceed under the indirect method, which requires a showing that after engaging in protected activity, the plaintiff, and not any other similarly situated employee, was subjected to an adverse employment action although she was performing her job in a satisfactory manner.  *Id.*

Godin's claim fails because she did not demonstrate that she suffered the adverse employment action that is required under either method of proving retaliation.  *Hottenroth v. Vill. of Slinger,* 388 F.3d 1015, 1029 (7th Cir. 2004); *see Stone*, 281 F.3d at 644.  The temporary addition of clerical work to Godin's responsibilities does not rise to the level of an adverse employment action because her job title, classification level, and salary remained the same; she retained the bulk of her engineering responsibilities; and she was relieved of the new task as soon as she expressed her dissatisfaction with it.  *See Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 903 n.1 (7th Cir. 2002) ("temporary change in job responsibilities" not an adverse employment action absent a significant diminishment of material responsibilities).

Godin next argues that the district court erred in its determination that she did not suffer a tangible employment action for purposes of her *quid pro quo* sexual harassment claim.  She asserts that Curtis's failure to promote her, "despite receiving a very high rating after only one solid year in Service Engineering," constitutes a tangible employment action.  She also asserts that Curtis would not promote her in the future unless she engaged in sexual contact with him.

We note first that since the Supreme Court's decisions in *Burlington Indus. v. Ellerth*, 524 U.S. 742, 760 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), the concept of *quid pro quo* harassment has largely been abandoned; courts distinguish instead between cases in which the plaintiff suffered a tangible employment action and those in which no such action was taken.  *See Wolf v.*

*Northwest Ind. Symphony Soc.,* 250 F.3d 1136, 1141-42 (7th Cir. 2001); *Minor v. Ivy Tech State Coll.,* 174 F.3d 855, 857 (7th Cir. 1999) (distinguishing between cases involving "a supervisor's extorting sexual favors" and the "creation of a hostile work environment").  As for Godin's argument, although a refusal to promote may qualify as a tangible employment action, *see Ellerth*, 524 U.S. at 761; *Herrnreiter v. Chicago Hous. Auth.,* 315 F.3d 742, 744 (7th Cir. 2002), Godin has simply not established that she was denied a promotion for which she was qualified, *see Jordan v. City of Gary,* 396 F.3d 825, 833 (7th Cir. 2005).  She failed to rebut evidence that she had not expected a promotion after one year, and that she knew that promotion from her level to the next generally took three years.  She also produced no evidence to substantiate her assertion that Curtis would not promote her in the future, and given her assignment to a new supervisor after reporting Curtis, it seems unlikely that Curtis could prevent her advancement at Whirlpool.

Godin alludes to other issues in her brief, such as hostile work environment, but does not adequately develop any arguments.  *See Spath v. Hayes Wheels Int'l-Ind. Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) ("[I]t is not this court's responsibility to research and construct the parties' arguments.").  Perfunctory and undeveloped assertions do not create grounds for appeal*, see id; United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999).

For the foregoing reasons, the judgment of the district court is AFFIRMED.