UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 23, 2005[*]
Decided June 27, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3555

| | |
|---|---|
| DAISY BAXTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division |
| *v.* | |
| | No. 02 C 9350 |
| TRINITY SERVICES, INC., | |
| *Defendant-Appellee.* | Charles R. Norgle, Sr. |
| | *Judge.* |

**O R D E R**

Daisy Baxter brought this suit under Title VII and 42 U.S.C. §§ 1981 and 1983 against Trinity Services, Inc., alleging that Trinity discriminated against her based on her race during her employment and when it fired her, and that the firing was retaliatory.  The district court granted Trinity's motion for summary judgment, and Baxter appeals.  We affirm.

Trinity, a non-profit corporation that provides services to clients with mental disabilities, hired Baxter, an African-American woman, as a Qualified Mental Retardation Professional (QMRP) in 2000.  As a QMRP, Baxter was responsible for observing and reviewing the treatment of clients, working with clients' guardians, and "coordinating staffing."  Baxter alleges that while working in this capacity,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

employers and co-workers discriminated against her.  She pointed to one incident when Trinity's management disregarded her advice to hospitalize a potentially violent client with whom she had personal contact, even though that same client had previously been hospitalized on a white QMRP's recommendation.  Baxter further claimed that Trinity excluded her from its accreditation process after a manager stated, allegedly in reference to African-American employees, that "those people" should not be allowed to involve themselves in that process.  Baxter also alleged that Trinity denied her regular performance reviews and subjected her to abusive language, disproportionate workloads, heightened scrutiny, and various petty acts of harassment, again on account of her race.

Trinity eventually terminated Baxter after determining that she had assisted another employee in forging credentials.  In late 2002, Trinity became aware that another of its African-American employees, Margaret Reeves, lacked basic reading comprehension skills.  Trinity came to suspect that Reeves' GED certificate was fraudulent and opened an investigation.  The investigation revealed that Reeves' GED certificate did not match the format of another employee's legitimate GED, issued in the same year as Reeves' certificate.  The investigators also determined, however, that Reeves' certificate was identical––down to the certifying signature––to Baxter's GED, which had been issued years before Reeves'.  Reeves participated in the investigation and admitted that the certificate was forged but denied that Baxter was involved.  Trinity allowed Reeves to resign with favorable references but in December 2002 it terminated Baxter, who on the advice of counsel had not cooperated with the investigation.

Baxter had filed racial discrimination charges with the EEOC in September 2002, and a form complaint in the district court in December 2002, shortly before her termination.  The district court dismissed her complaint without prejudice, but gave her additional time to file "a more definite statement" of her claims.  She subsequently amended her complaint to raise more specific claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 that she was subjected to a hostile work environment and disparate treatment, and that she was terminated in retaliation for filing discrimination charges with the EEOC and the district court. She also added a general claim under 42 U.S.C. § 1983 that Trinity deprived her of her constitutional rights.

The court granted Trinity's motion for summary judgment on all counts.  On Baxter's hostile work environment and disparate treatment claims, the court characterized the conduct Baxter complained of as "sporadic incidents of insensitivity" at worst, and not actionable under Title VII or § 1981.  As to Baxter's Title VII discriminatory discharge claim, the court ruled that she presented no direct evidence and that she failed to establish a prima facie case under the *McDonnell-Douglas* burden shifting analysis, *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), because she could not show that "a similarly situated employee of a different race was treated more favorably."  Under her retaliatory

discharge claim, the court similarly held that she failed to establish a prima facie case because she had not shown any causal relationship between her protected activity and her discharge. Finally, the court disposed of Baxter's § 1983 claim by finding that Trinity was not a state actor.

On appeal, Baxter appears to contest only the district court's rulings as to her discriminatory and retaliatory discharge claims. Regarding her discriminatory discharge claim, Baxter first seems to challenge the court's conclusion that she did not establish her prima facie case. She asserts that there were similarly situated employees who received more favorable treatment than she did––namely, four white QMRPs, none of whom, she asserts, were accused, investigated, or terminated as a result of the investigation into Reeves' GED certificate. She has not, however, shown that these individuals were similarly situated. In particular, she has not show that any of these QMRPs possessed GEDs identical to Reeves' fraudulent document, which is what triggered her investigation and censure. Other employees who were not undergoing a similar disciplinary process cannot be considered similarly situated. *Little v. Ill. Dep't. of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004). Because Baxter did not identify a material issue of fact regarding this prong, the district court was correct to grant Trinity summary judgment on this claim. *Williams v. Waste Management of Illinois*, 361 F.3d 1021, 1034 (7th Cir. 2004).

As for her retaliatory discharge claim, Baxter challenges the district court's conclusion that she failed to show a causal relation between her protected activity and her discharge. She asserts in a conclusory fashion that such a causal connection is reflected in the "close timing" between the filing of her racial discrimination complaint with the EEOC in September 2002, her complaint in the district court in December, and her termination shortly thereafter. Temporal proximity alone, however, is not necessarily sufficient to establish a prima facie case in the retaliation context; the plaintiff must "show that after filing the charge only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action," *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1004 (7th Cir. 2005), and Baxter has not identified any similarly situated employees. And even if the district court had accepted Baxter's allegations as circumstantial evidence of retaliatory discharge, Trinity presented "unrebutted evidence of a noninvidious reason for the adverse action" in the form of its conclusion that Baxter assisted Reeves with the forgery of her GED. *Stone v. City of Indianapolis Public Utilities Div.,* 281 F.3d 640, 644 (7th Cir. 2002). While Baxter argues that the investigation was itself fraudulent, she offered no evidence, and her bare allegations are not sufficient to rebut Trinity's evidence. *See Hildebrandt v. Illinois Dept. of Natural Resources,* 347 F.3d 1014, 1036 (7th Cir. 2003). The district court properly granted summary judgment for Trinity on this claim.

The judgment is AFFIRMED.