UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 9, 2006
Decided July 25, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2413

JANE E. MOORE
     *Plaintiff-Appellant,*

    *v.*

SUPERIOR AUTO, INC., et al.,
     *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of Indiana
Lafayette Division

No. 4:03CV0086AS

Allen Sharp,
*Judge.*

**ORDER**

Jane Moore brought this suit under Title VII against Superior Auto, Inc. and its subsidiary company, SAC Finance, Inc. (referred to collectively as "Superior Auto"), alleging that they fired her in retaliation for filing a sexual harassment complaint against one of her managers. The district court granted summary judgment to the defendants because Moore failed to establish a prima facie case of retaliation or to show that Superior Auto's stated non-discriminatory reason for terminating her was pretextual. We affirm.

Superior Auto, Inc., a car dealer, hired Moore in 1994 as an account collector responsible for receiving and processing customer payments and updating their accounts in the company's office in Monticello, Indiana. In 1997 she was

transferred to SAC Finance, Inc., a subsidiary of Superior Auto, Inc. that provides auto loans for those unable to secure financing from traditional lenders, where she also worked as a collector until she was fired in March 2003.

The source of Moore's claim lies in an incident that occured at work one day in November 2002. Moore alleges that her manager at the time, Larry Cappis, "grabbed" her face, "twisted it toward him" and tried to give her what he termed a "Thanksgiving kiss." She immediately reported the incident to her regional manager and filed a police report. The following day Moore met with the regional sales manager, Jenny Shafer, and human resources manager, Cheryl Merritt, to discuss the incident and the possibility of removing Cappis from Moore's store. According to Moore, Shafer and Merritt asked her if she might just forgive Cappis because it was expensive to remove a manager from a store and told her that if she couldn't, then "maybe the company won't be so forgiving." Nonetheless, Superior Auto immediately replaced Cappis.

In March 2003, however, Superior Auto fired Moore for violating company policy. Her discharge stemmed from a customer complaint that she had failed to accept a cash payment. This was Moore's second violation of this type; in 2001 her failure to accept a customer's payment led to a written warning that another violation of this sort could result in her discharge. These violations were not the only blemishes on Moore's record: in 1995 Moore received a written warning for fighting with coworkers; between 1996 and 1997 she received numerous verbal warnings and was twice warned in writing that she must improve her attitude toward co-workers; in 2000 she received a written warning for violating company policy after she left a large sum of money (presumably several customers' payments) in her desk drawer rather than depositing it; and in February 2003 she received a written warning for having 81 accounts without insurance and 12 accounts without personal references.

After the EEOC issued a right-to-sue letter, Moore sued Superior Auto in federal court, alleging that they violated Title VII when they fired her in retaliation for filing sexual harassment charges in November 2002. To support her claim, Moore presented an affidavit from a co-worker, Troy Moore (no relation), stating that after she filed her sexual harassment claim, Jane Moore's new manager, Mickey Straub, commented to him that she was "creating problems" and that she "would be leaving the company soon." Troy Moore also admitted that it was he and not Jane who failed to accept the customer's payment in March 2003. The defendants moved for summary judgment, presenting a written affidavit from the customer fingering Jane as the person who refused her payment. The district court granted the defendants' motion, determining that Moore had not provided evidence that she was treated less favorably than a similarly situated employee who did not engage in statutorily protected activity and that, even if Moore could establish a

prima facie case of discrimination, she failed to raise a genuine issue of material fact as to whether Superior Auto's stated non-retaliatory reason for terminating her was pretextual.

Title VII prohibits employers from discriminating against any employee who has made a charge against the employer or another employee. *See* 42 U.S.C. § 2000e-3(a). To establish a claim of retaliation, a plaintiff may present direct evidence of the employer's discriminatory intent, or indirect evidence using the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002).

On appeal Moore first challenges the district court's conclusion that she did not establish her prima facie case under the direct method. To succeed on a retaliation claim under this method, a plaintiff must present direct evidence that (1) she engaged in a statutorily protected activity, (2) the defendant subjected her to an adverse employment action, and (3) the two events had a causal connection. *Lang v. Illinois DCFS*, 361 F.3d 416, 418 (7th Cir. 2004). Moore disputes only the district court's determination that she failed to establish the third prong—showing a causal link between her complaint and termination.

To prove a causal connection, Moore must show that Superior Auto would not have fired her "but for" her sexual harassment claim. *See Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 531 (7th Cir. 2003); *Wells v. Unisource Worldwide, Inc.* 289 F.3d 1001, 1008 (7th Cir. 2002). Superior Auto, however, presented evidence that Moore was fired not because she had filed a sexual harassment suit, but rather because she violated company policy by failing to accept a customer's payment despite a prior warning that another violation of the sort could result in her discharge. Moore did not introduce anything to refute this evidence, and thus the district court properly concluded that she could not make out a prima facie case under the direct method.

Moore next challenges the district court's conclusion that she did not establish her prima facie case under the indirect method of *McDonnell Douglas*. Under this test, Moore can establish a prima facie case of retaliation by showing that she (1) engaged in a statutorily protected activity; (2) met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Moser*, 406 F.3d at 903; *Stone*, 281 F.3d at 644. Moore asserts that, contrary to the district court's determination, there were similarly situated employees who received more favorable treatment than she did. Moore first points to Jeana Miller, a co-worker who, like Moore, also received a

written warning for having accounts without insurance and personal references but who was not fired.

To demonstrate that another employee is "similarly situated," Moore must show that there is someone who is "directly comparable to [her] in all material respects." *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002). The factors a court will consider in this inquiry vary depending on the "context of the case." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). Where a plaintiff claims that she was disciplined more harshly than a similarly situated employee, that plaintiff generally must show that the "two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 617-18. Here, there is no evidence that Miller ever failed to accept a customer's payment in violation of company policy, and thus she cannot be said to have engaged in "similar conduct."

Moore next points to Troy Moore, who Jane Moore claims (and who himself later admitted) was actually responsible for failing to accept the customer's payment on March 1, 2003. Jane Moore contends that Troy Moore is similarly situated because he did not file a sexual harassment suit but did fail to accept a customer's payment and yet was not terminated. But as the district court pointed out, Troy was not fired for failing to accept a customer's payment because the customer reported that it was Jane, not Troy, who refused her payment. Jane's contention that she was treated less favorably than Troy is further undermined by evidence showing that, although he was not terminated for violating company policy on March 1, 2003, he was terminated for subsequently divulging customer information and refusing to collect on an account.

In any event, she has not demonstrated pretext. To demonstrate pretext, Moore would have to present some evidence that Superior Auto lied and did not honestly believe its stated reason for her discharge—that her termination was a direct result of her failure to accept a customer's payment in violation of a no-tolerance policy about which she previously had been warned. *See Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). Moore believes that Superior Auto's stated reason for firing her was a lie based on manager Mickey Straub's comments that she was "creating problems" and that she "would be leaving the company soon." But even if we assume Straub made those comments, Moore has not introduced evidence challenging Superior Auto's stated reason for firing her.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Superior Auto.