NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2007[*]
Decided September 4, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-4265

| | |
|---|---|
| RUBY GORDON-PHILLIPS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05 C 2063 |
| ILLINOIS STATE POLICE, *Defendant-Appellee.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Ruby Gordon-Phillips alleges that her supervisor at the Illinois Department of State Police retaliated against her for filing a charge of race and age discrimination by publicly accusing her of foul body odor and requiring her to attend a meeting to discuss her personal hygiene. The district court granted summary judgment for the Illinois Department of State Police because Gordon-Phillips failed to present any evidence that she was treated less favorably than a similarly situated employee who did not engage in statutorily protected activity. Gordon-Phillips appeals, and we affirm.

---

[*] We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(f).

Gordon-Phillips has worked for the Illinois Department of State Police for nearly thirty years. In 2002 she filed a charge of employment discrimination, alleging that her employer refused to promote her because of her race and age. The charge resulted in a settlement that included a promotion for Gordon-Phillips. Shortly thereafter Bruce Zywiec became the commander of the zone in which Gordon-Phillips worked and her supervisor; she informed Zywiec about the discrimination charge soon after he arrived.

After his arrival Zywiec received at least two unprompted complaints from employees about Gordon-Phillips's body odor—one worker said that the smell was so strong that he kept a can of air spray in his office to freshen it up after she left. Noticing a "pungent order" himself, Zywiec investigated the matter further by speaking to other current and former coworkers who confirmed that they too noticed Gordon-Phillips's odor. He eventually met with representatives from the human services section and the equal employment opportunity office to discuss how he could address this issue in "a kind and professional manner." The team agreed that a female psychologist from the human services section should meet with Gordon-Phillips privately to discuss her personal hygiene. Zywiec wrote to Gordon-Phillips informing her about this mandatory meeting and emphasizing that she was not being charged with wrongdoing.

At the meeting Gordon-Phillips insisted that she had no hygiene problem. Three weeks later she also furnished a doctor's note stating that she "does not have any abnormal odors or hygiene problems." At this time she also began a leave of absence based on other medical concerns. About three months after taking this leave, Gordon-Phillips quit.

The only other person Zywiec received odor-related complaints about was Lieutenant Jerry Culp. Zywiec reprimanded Culp for passing gas during a meeting and for sanctioning that activity among his subordinates. Following another complaint that Culp passed gas during another meeting, Zywiec warned him that any further incidents would result in formal disciplinary charges. During the course of these events, Zywiec spoke with at least three other people to investigate Culp's behavior and disseminated a zone-wide memo explaining that public flatulence was unacceptable.

After exhausting her administrative remedies, Gordon-Phillips filed this suit, claiming that Zywiec's full investigation into her body order—extending to both current and former coworkers and human resource personnel—was retaliatory. The Illinois Department of State Police moved for summary judgment, arguing that Gordon-Phillips failed to provide any evidence that a similarly situated individual who did not engage in protected activity was treated differently. In response Gordon-Phillips

identified one possible comparator—Nancy Shunk. She argued that like Shunk, she worked under Zywiec in an administrative capacity but only Gordon-Phillips had complained of discrimination and only she was forced to endure a "humiliating ordeal" of false accusations of foul body odor.

The district court granted the Illinois Department of State Police's motion for summary judgment. The court concluded that Gordon-Phillips was not similarly situated with Shunk, reasoning "that there is no evidence that any reports of body odor were made regarding Shunk." What's more, the court noted that she was similarly situated to Culp and that there were no "real differences" in the way Zywiec handled the complaints about the two.

We review a district court's grant of summary judgment *de novo*, and we will draw all reasonable inferences in favor of Gordon-Phillips, the non-moving party. *See Anders v. Waste Mgmt. of Wis., Inc.*, 463 F.3d 670, 675 (7th Cir. 2006). We will affirm the district court if the Illinois Department of State Police demonstrates that there is no genuine issue as to any material fact and that they are entitled judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anders*, 463 F.3d at 675. For Gordon-Phillips to establish a prima facie case of retaliation using the indirect method (the only method she invokes) she must show that she "'and not any similarly situated employee who did not file a charge,'" was subjected to a materially adverse action even though she was performing her job in a satisfactory manner. *Pantoja v. American NTN Bearing Mfg. Corp.*, No. 06-1252, 2007 U.S. App. LEXIS 18611. *17-18 (7th Cir. Aug. 6, 2007) (quoting *Stone City of Indianapolis Pub. Util. Div.*, 281 F.3d 610, 644 (7th Cir. 2002); *see also Roney v. IL Dep't of Transp.*, 474 F.3d 455, 461 (7th Cir. 2007).

Gordon-Phillips has introduced no evidence that she received less favorable treatment than someone similarly situated to herself; therefore summary judgment for the Illinois Department of State Police is proper. Gordon-Phillips argues that the district court erroneously discounted Nancy Shunk as a possible comparator because she, like Shunk, had no body odor problem and she has a doctor's note, plus over twenty-five years of work history without a hygiene complaint, to prove it. But whether Gordon-Phillips actually smelled bad is beside the point. The relevant point is that two coworkers independently approached Zywiec to complain about her odor, prompting the fuller investigation into her hygiene that included other current and former coworkers. By contrast, no co-worker ever approached Zywiec to complain about Nancy Shunk's hygiene. Shunk would need to be the subject of coworker complaints before Zywiec's respective treatment of Shunk and Gordon-Phillips could be properly compared. *See Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 560 (7th Cir. 2007) (noting that comparator must have enough common factors with plaintiff to "allow for a meaningful comparison in order to divine whether discrimination was at play.") Without a similarly situated co-worker to compare herself to, Gordon-Phillips

cannot make out a prima facie case that the full investigation into the coworker complaints about her hygiene was retaliatory.

Furthermore nothing in the record suggests that the co-workers who approached Zywiec to complain about the odor were insincere or even knew about the charge of discrimination, much less that Zywiec knew the complaints were not genuine when he investigated them further. In the absence of such evidence, we have in a similar context refused to put the employer on the "razor's edge" of having to choose between risking harm for failing to resolve a potential workplace problem (in this case, unsanitariness) or risking liability for reasonably investigating the problem. *See*, *e.g.*, *Flanagan v. Ashcroft*, 316 F.3d 728, 730 (7th Cir. 2003) (quoting (*McDonnell v. Cisneros*, 84 F.3d 256, 260-61) (7th Cir.1996) (refusing to hold an employer liable for conducting an investigation into allegedly unwarranted complaints of harassment). Gordon-Phillips gives us no reason to depart from this rule in this case.

AFFIRMED.