**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 20, 2008[*]
Decided February 21, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2785

CECILIA VILLARRUEL,
    *Plaintiff-Appellant*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 06 C 766
Harry D. Leinenweber, *Judge*.

### Order

Cecilia Villarruel, who is Hispanic, contends in this suit under Title VII of the Civil Rights Act of 1964 that her former employer discriminated on account of her ethnicity in declining to promote or transfer her, and in maintaining a hostile working environment. The district court granted summary judgment for the Attorney General, who as head of the agency that includes Villarruel's employer (the Drug Enforcement Administration) is the proper defendant under 42 U.S.C. §2000e–16(c).

Villarruel joined the DEA in 1992 as an office assistant and was promoted to supply technician in 2001. Her performance was rated "acceptable" from 2001 through 2005, though Linda Gonzalez, her direct superior, expressed concerns about the slow pace of Villarruel's work and her backlog of unfinished assignments. In 2003 the DEA created a position as administrative-support specialist; the occupant would supervise a multi-million-dollar procurement contract. Villarruel applied for the job and was among four candidates interviewed, but the position went to Anita Mrock, who had experience in contract administration. Mrock also had received "outstanding" ratings in her current job. Villarruel charged the agency with discrimination, observing that she has a college

---

[*] On January 4, 2008, we granted appellant's motion to waive oral argument.

degree (Mrock doesn't) and is bilingual (Mrock isn't); the EEOC found, however, that the DEA had not discriminated against Villarruel.

Dissatisfied with the lack of a promotion in 2003, Villarruel applied for a transfer to the DEA's office in Laredo, Texas. She was not entitled to a "transfer" but was eligible to apply for vacant positions, which she did. The Laredo Office did not make Villarruel an offer; she blames Gonzalez and Gonzalez's supervisor John Bagioni for her lack of success in obtaining employment in Laredo—though the people hired for the positions in Laredo were themselves Hispanic..

Like the district court, we conclude that Villarruel has not produced evidence creating a material dispute of fact. Once the DEA explained its reasons for hiring Mrock (that Mrock had more relevant experience and better ratings), Villarruel needed to show that this explanation was a pretext for discrimination—which is to say a lie designed to cover up a discriminatory truth. She argued, however, only that the agency should have preferred someone with a college degree and language skills superior to Mrock's. That may or may not be right as a matter of personnel administration but does nothing to suggest that the agency has been dishonest about its reasons for hiring Mrock.

As for the lack of employment in Laredo, which Villarruel characterizes as "retaliation" for the complaint she had filed with the EEOC about the administrative-support position: the record does not contain any evidence that would permit a reasonable person to conclude that anyone who had not filed a charge of discrimination received better treatment than Villarruel did. She makes no effort to show that the hiring decisions in Laredo were anything other than normal, merit-based civil-service appointments. True, Thomas Hinojosa, the head of the Laredo office, turned down her application for transfer after learning that she had complained to the EEOC, but the DEA says that Villarruel was not eligible to transfer. If that's right, then the complaint to the EEOC could not have affected the decision. *Post hoc ergo propter hoc* is the name of a logical fallacy, not a means to prove a case under Title VII. See *Stone v. Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002). Because Villarruel's lawyer does not dispute the agency's contention that transfer was impossible under governing rules, the decision cannot have been "retaliatory."

Finally, the hostile-environment claim requires only brief comment. Villarruel does not contend that working conditions at the DEA were worse for Hispanic employees than for others. She does point to statements that she does not like—for example, Gonzalez once said that "[p]eople who are in America should speak English"—but that statement is neither an anti-Hispanic comment nor something that would permit a reasonable trier of fact to conclude that working conditions for Hispanic employees were materially worse than those for employees of other ethnic backgrounds. The other events of which Villarruel complains, such as requests that she work faster and reduce her socializing on the job, are unrelated to race or national origin. Title VII is not a code of office civility, nor does it entitle employees to be free of demands that they accomplish more during working hours.

AFFIRMED