In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-1524

JIMMIE TREADWELL,

*Plaintiff-Appellant*,

*v.*

OFFICE OF THE ILLINOIS
SECRETARY OF STATE,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 3316—**Richard Mills**, *Judge.*

_____

ARGUED JUNE 13, 2006—DECIDED JULY 27, 2006

_____

Before POSNER, COFFEY and RIPPLE, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Jimmie Treadwell filed this action against the Office of the Illinois Secretary of State ("Office"). He alleged that the Office violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by subjecting him to a hostile work environment, by discriminating against him based on his race and sex and by retaliating against him for filing complaints of discrimination and harassment. The district court granted summary judgment to the Office on all claims. The only issue on appeal is whether the district court properly concluded that Mr.

Treadwell had not established a prima facie case of retaliation. For the reasons stated in this opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A.

In 2000, Mr. Treadwell, who is African-American, began working in the Index Department of the Secretary of State's Office as a division chief; his job classification was Executive III. Several months later, his supervisor, Cherri Montgomery, an African-American woman, assigned him to the position of operations shift supervisor in the Index Department. His job classification and salary remained unchanged. Mr. Treadwell was not happy with this assignment and complained to the chief of staff that Montgomery was "racist" and "abusive," particularly towards black men. Rather than begin this new assignment, he took six weeks of sick leave and vacation because, he testified, he was "traumatized" by the assignment. Mr. Treadwell later requested a transfer and eventually returned to work as a project manager in the Planning and Development Division of the Department of Physical Services. In this position, he no longer was supervised by Montgomery.

In December 2000, several months after this transfer, Mr. Treadwell filed an internal complaint; he alleged that Montgomery was mentally unstable, that she had harassed him and that she had treated him in an unprofessional and abusive manner. Following an investigation, Montgomery was transferred to a non-supervisory position. Mr. Treadwell claims that he also filed charges with the Equal Employment Opportunity Commission ("EEOC") in

August 2001 and that these charges alleged that Montgomery had harassed and discriminated against him. The Office denies receiving any notification of charges filed around this time.

In November 2001, one year after becoming project manager, Mr. Treadwell accepted a reduction in classification from Executive III to Managerial Assistant III, but retained his project-manager title and salary. Two months later, due to funding constraints that limited the number of project managers the Department could retain, Mr. Treadwell lost his project-manager title and was transferred to a warehouse location where additional personnel were needed. He retained his Managerial Assistant III classification and salary; he asserts, however, that his job duties and responsibilities were diminished because he no longer worked with "professionals," the work was less "important," and the conditions at the warehouse were dusty and uncomfortable. Mr. Treadwell's concerns about the working conditions led to his office at the warehouse being repainted and carpeted.

Nonetheless, shortly after his relocation to the warehouse, Mr. Treadwell complained about the work conditions to Division Director Cecil Turner and by e-mail to Chief Deputy Director Rick Kurnick. Over the next several days, however, Mr. Treadwell refused to accept or return phone calls from Turner or Kurnick. Indeed, he once refused to take the phone when it was handed to him by his immediate supervisor. Mr. Treadwell then wrote to various individuals in the Office, asserting that his work conditions were "deplorable" and that his placement at the warehouse was the result of racism. Turner, who is African-American, suspended Mr. Treadwell for five days for insubordination for repeatedly refusing to accept or return the phone calls from his superiors.

**B.**

Mr. Treadwell then brought this action in the district court. His complaint broadly alleged harassment and discrimination based on race and sex, as well as retaliation for having engaged in protected activities. In his opposition memorandum to the Office's motion for summary judgment, Mr. Treadwell clarified his retaliation claim: He asserted that he had been transferred to the warehouse in retaliation for having made an internal complaint of discrimination and/or for having filed EEOC charges in August 2001.

The district court granted the Office's motion for summary judgment on all claims. With respect to the retaliation claim, the only matter before us on appeal, the district court held that Mr. Treadwell had failed to establish retaliation under either the direct or indirect method of establishing such a case. With respect to the direct method, the court looked to our decision in *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640 (7th Cir. 2002), and held that Mr. Treadwell had failed to establish his case because he had not offered any direct evidence of retaliation. With respect to the indirect method, the court determined that Mr. Treadwell had not shown that he was treated less favorably than a similarly situated employee who had not complained of discrimination or harassment. Specifically, the court noted that Leslie Harris, the only individual identified by Mr. Treadwell as having been similarly situated, had been transferred to the warehouse and subjected to the same work conditions as Mr. Treadwell even though she had not complained of discrimination.

## II

## DISCUSSION

As we have noted, our inquiry on appeal is limited to the district court's summary judgment in favor of the Office on Mr. Treadwell's retaliation claim.

### A.

Mr. Treadwell first submits that he has demonstrated retaliation under the direct method because a trier of fact could infer from the evidence that employees who displeased their supervisors were transferred to less desirable positions. To establish retaliation under the direct method of proof, a plaintiff must offer evidence that he engaged in a statutorily protected activity, that the defendants subjected him to an adverse employment action and that a causal connection exists between the two events. *See Scaife v. Cook County*, 446 F.3d 735, 741 (7th Cir. 2006). The party opposing summary judgment, in this case Mr. Treadwell, bears the burden of coming forward with properly supported arguments or evidence to show the existence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 463 (7th Cir. 2005).

The district court determined that Mr. Treadwell could not prevail under the direct method of proof because, as it interpreted *Stone*, Mr. Treadwell could not produce any direct evidence of retaliation. The district court's reliance on our opinion in *Stone* suggests that this laconic reference to "direct" evidence might have been based on *Stone*'s "misleading dictum" that seemed to preclude the

use of circumstantial evidence to establish the elements necessary to a direct *case* of retaliation. *Sylvester v. SOS Children's Villages of Illinois*, No. 05-4219, slip op. at 2 (7th Cir. June 13, 2006). In *Sylvester*, however, we clarified that circumstantial evidence that is relevant and probative on any of the elements of a direct *case* of retaliation may be admitted and, if proven to the satisfaction of the trier of fact, support a case of retaliation. *See id.* at 2-4.

Although the district court may have taken too restrictive a view of the evidence that may be considered by the trier of fact, our examination of the record convinces us that any such misapprehension did not lead to reversible error. Mr. Treadwell points to no evidence, direct or circumstantial, of a causal connection between the statutorily protected activity—his filing of discrimination complaints—and the adverse employment action—his transfer to the warehouse.[1] To the contrary, with respect to the EEOC complaint, the evidence demonstrates that Cecil Turner's decision to transfer Mr. Treadwell was unrelated to the complaint Mr. Treadwell claims to have filed with the EEOC in August 2001. Indeed, both Turner and the Secretary of State's EEO officer claim that they were unaware until 2004 of any assertion that Mr. Treadwell had filed EEOC charges in 2001. Notably, Mr. Treadwell has presented no contrary evidence to demonstrate either their knowledge of such charges or that charges even were filed.

To the extent that Mr. Treadwell asserts it was his December 2000 internal complaint, and not the purported EEOC

---

[1] The parties do not contest that the assignment constitutes an adverse employment action. We therefore have no occasion to elaborate on the Supreme Court's recent decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2414-16 (2006).

charges, that motivated the retaliation, he also fails to present any evidence, direct or circumstantial, that his internal complaint had any bearing on the decision to transfer him to the warehouse more than a year later.

**B.**

Mr. Treadwell also asserts that he established a prima facie case of retaliation under the indirect method. Under the indirect *method*, a plaintiff can establish a prima facie case of retaliation by showing that "(1) after lodging a complaint about discrimination, (2) only he, and not any otherwise similarly situated employee who did not complain, was (3) subjected to an adverse employment action even though (4) he was performing his job in a satisfactory manner.*" Stone*, 281 F.3d at 642.

Here, the Office came forward with evidence that Mr. Treadwell's co-worker, Leslie Harris, never had filed an EEOC complaint, and yet was subject to the same adverse employment action that Mr. Treadwell had suffered. As the district court noted, Harris and Mr. Treadwell both were transferred to the same warehouse, where they both were subjected to the same working conditions, treatment from supervisors and low-level work assignments. Because he and Harris were treated equally, Mr. Treadwell cannot maintain that only he, and not a similarly situated employee who did not complain of discrimination, was subjected to the adverse employment action of which he complains. *See Stone*, 281 F.3d at 642. Thus, the district court properly concluded that Mr. Treadwell failed to establish a prima facie case of retaliation under the indirect *method*.

**Conclusion**

Accordingly, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*