UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006[*]
Decided November 28, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2024

MARY WALLSKOG,
 *Plaintiff-Appellant,*

 *v.*

INDIANA DEPARTMENT OF
CORRECTION, et al.
 *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of
Indiana, South Bend Division

No. 3:03-CV-125RM

Robert L. Miller, Jr.,
*Chief Judge.*

## O R D E R

 Mary Wallskog, an African-American employee of the Indiana Department of Correction ("INDOC"), claims that her former supervisor subjected her to racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The district court granted summary judgment to the defendants on all counts. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In 2001 Wallskog was hired as one of INDOC's affirmative action coordinators. Her duties included investigating discrimination complaints from INDOC staff and designing programs to promote fairness for racial minorities, women, and people with disabilities. Wallskog's supervisor was Harry Howe. According to Wallskog, Howe had always treated her differently from white employees, and became especially spiteful after she investigated a gender discrimination claim against him. In the report she filed on this claim, Wallskog found "problems" with Howe's behavior and recommended sensitivity training. After she had completed her investigation, Howe removed Wallskog from the Human Resources office and placed her in a separate, isolated office down the hallway. Wallskog states that more than once, Howe purposefully bumped into her in order to knock documents from her hands. Wallskog also claims that Howe had earlier promised to increase her salary, but never did so.

Wallskog had other job-related difficulties that did not involve Howe. She was audited in 2002, after INDOC received several complaints about her work. The first complaint involved an INDOC employee who was fired because Wallskog reported that he had used racial slurs; this report was later determined to be untrue. Wallskog's interview techniques were also faulted for being accusatory and unobjective. Additionally, the audit discovered that she was late in filing at least nine different reports, and that the files in the affirmative action office were in "complete disarray." Based on this information, Wallskog was demoted to administrative assistant.

Believing that the demotion was a retaliatory action spearheaded by Howe, Wallskog filed this complaint. The district court granted summary judgment for the defendants, determining that Wallskog failed to establish a prima facie case of either racial discrimination or retaliation.

On appeal Wallskog first argues that she presented the district court with sufficient evidence to survive summary judgment on her race discrimination claim. We review the grant of summary judgment *de novo*. *See Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750 (7th Cir. 2006). Wallskog admits that she has no direct evidence of racial discrimination and proceeds under the indirect method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). The indirect method requires Wallskog to demonstrate that (1) she belongs to a protected class, (2) she performed her job satisfactorily, (3) she suffered a materially adverse employment action, and (4) similarly situated employees outside of her protected class were treated more favorably. *Id.*; *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 861 (7th Cir. 2005). The district court properly concluded that Wallskog failed at the second step. The evidence uncovered in the 2002 audit establishes that she was not adequately performing her job. Moreover, the district court properly concluded that she failed at the fourth step: Wallskog claims that

white female employees were treated better, but provides no evidence to support this assertion.

Because she was not meeting her employer's legitimate expectations, Wallskog's retaliation claim is similarly unsuccessful. A plaintiff may survive summary judgment on a retaliation claim if she shows that (1) after lodging a complaint about discrimination, (2) she, but not similarly situated employees who did not complain, was (3) subjected to an adverse employment action even though (4) she was performing her job satisfactorily; unless (5) the employer presents evidence of a lawful reason for the action. *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 642 (7th Cir. 2002). As mentioned above, the district court properly concluded that Wallskog was reassigned because of complaints about her work, and that Howe played no role in the decision to transfer her. Wallskog also failed to provide the district court with evidence that similarly situated employees who did not complain about discrimination received better treatment. *See Treadwell v. Office of the Ill. Sec'y of State*, 455 F.3d 778, 782 (7th Cir. 2006) (affirming summary judgment for defendant where evidence showed that decision to transfer plaintiff was unrelated to his filing an EEOC complaint, and where plaintiff failed to identify a similarly situated employee that did not complain of discrimination and was treated more favorably).

AFFIRMED.