UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2006[*]
Decided November 6, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1923

| | |
|---|---|
| FARD MOHAMMED,<br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-0919 |
| RACINE UNIFIED SCHOOL DISTRICT,<br> *Defendant-Appellee.* | William E. Callahan, Jr.<br> *Magistrate Judge.* |

**O R D E R**

Fard Mohammed filed an action under Title VII of the Civil Rights Act of 1964 against Racine Unified School District, his employer. Mohammed claimed that the school district retaliated against him by suspending him for five days without pay because he filed a complaint against it alleging discrimination on the basis of his religion.[1] The school district maintained that it suspended Mohammed

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[1] The district court closed that case in early 2004 without a judgment on the

(continued...)

because he violated school policies of which he had notice and with which he had promised to comply. The district court granted summary judgment to the school district. We affirm.

In reviewing a motion for summary judgment, we construe all evidence in favor of the nonmoving party, Mohammed. *Sperandeo v. Lorillard Tobacco Co.*, 460 F.3d 866, 870 (7th Cir. 2006). Mohammed worked as a hall monitor for the school district from 1997 to 2005, during which time he was the subject of numerous disciplinary actions. In October 2003 three female students complained that Mohammed made inappropriate comments, touched female students, and offered students rides home. In response, the school district met with Mohammed and his union to discuss the complaints and warned him against future conduct of that kind.

In February 2004 Mohammed filed a charge with the Equal Employment Opportunity Commission claiming that the school district was discriminating against him on the basis of religion. During that same month, the school district received another complaint of verbal misconduct against Mohammed and again met with and reprimanded him. Shortly thereafter, the school district received five more complaints from female students, all stating that Mohammed was asking them to meet him during non-school hours, offering them gifts, making inappropriate comments, and otherwise making them feel uncomfortable. On March 11, 2004, school district officials met yet again with Mohammed. This time they issued him a written warning that the school "may not be used as a vehicle of recruitment or meeting place for any outside group, activity, or interest you may have." The district also obtained his signature to a letter of understanding indicating that he agreed to abide by the school district's policy prohibiting any offers of gifts to students.

Despite the prohibition against offering gifts to students, in June 2004 Mohammed offered to have dinner with two female students after school hours. After learning of this, the school district conducted a hearing with Mohammed, during which it prohibited him from having any contact with the students outside of the school day and off school premises. It then imposed a five-day unpaid suspension and issued a Last Chance Agreement, warning him that future attempts to contact students outside of school would be grounds for termination. Mohammed admits that before his suspension, he had met with students during non-school hours and offered them gifts. He did so, he said, to introduce them to his non-profit

---

[1](...continued)
merits.

organization that honors high school graduates. Some of the students submitted letters on behalf of Mohammed's character.

The magistrate judge, presiding with the consent of the parties, decided the merits of Mohammed's retaliation claim.[2] He determined that Mohammed failed to present sufficient evidence that the suspension and Last Chance Agreement were retaliatory. On appeal, Mohammed maintains that the school district retaliated against him for filing his first lawsuit by suspending him. He also contends that the student complaints of harassment were baseless. Further, he argues that the district discriminated against him because of his religion, a charge that extends beyond the scope of his complaint, which alleged only retaliation and which we therefore do not address.

We review a district court's grant of summary judgment *de novo. Sperandeo*, 460 F.3d at 870. A plaintiff bringing a retaliation claim has two methods of proof. *Sublett v. John Wiley & Sons, Inc.*, No. 05-1213, 2006 U.S. App. LEXIS 23286, at *23 (7th Cir. Sept. 13, 2006). First, the plaintiff may present direct evidence of retaliation. *Id.* This requires "evidence that establishes without resort to inferences from circumstantial evidence" that the plaintiff filed a charge of discrimination and as a result suffered an adverse employment action. *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Mohammed does not claim to have such direct evidence. Second, the plaintiff may proceed under the "indirect method." This requires evidence: (1) of an adverse action, including one that causes harm outside the workplace; (2) of satisfactory job performance; and (3) that no similarly situated employee who did not complain of discrimination was subjected to an adverse employment action. *Burlington Northern & Santa Fe Ry. v. White*, 126 S. Ct. 2405, 2412-13 (2006); *Sublett*, 2006 U.S. App. LEXIS 23286, at *23. Failure to satisfy "any one element of the *prima facie* case is fatal to an employee's retaliation claim." *Sublett*, 2006 U.S. App. LEXIS 23286, at *23.

In this case, Mohammed did not demonstrate satisfactory job performance. It is undisputed that in March 2004 Mohammed signed a letter of understanding informing him that offering gifts to students was contrary to district policy and that he would adhere to the policy. The school district also issued him a letter of warning stating that he may not use the school to recruit students to his organization. Disregarding these prohibitions, in June 2004 Mohammed invited two students to have dinner with him after school hours and become involved in his organization. This undisputed evidence demonstrates that Mohammed violated the

---

[2] The decision of the magistrate judge is appealable to this court. *See* 28 U.S.C. § 636(c)(3).

school's directive by recruiting students for his organization and offering them gifts of dinner.  Mohammed's job performance therefore was not satisfactory.

Mohammed has presented no information that there were any similarly situated, non-complaining employees whom the school district treated more favorably.  Accordingly, he failed to establish the third part of his *prima facie* case as well.  Because Mohammed failed to make a sufficient showing on two essential elements of his claim of a retaliatory suspension, summary judgment was appropriate.  *See* Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (U.S. 1986).

We AFFIRM the judgment of the district court.